UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EURO-PRO OPERATING LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 14-cv-13720-IT |
| v. | * | |
| | * | |
| DYSON INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

February 19, 2015

TALWANI, D.J.

On September 26, 2014, Euro-Pro Operating LLC ("Euro-Pro") filed suit against Dyson Inc. ("Dyson") in this court ("Massachusetts action"), alleging that Dyson continued to advertise that its DC65 "Animal" vacuum had "twice the suction" of any other vacuum after Euro-Pro's introduction of its "Shark Navigator Lift-Away" vacuum rendered the advertisement false. On November 25, 2014, Dyson filed a complaint against Euro-Pro in the United States District Court for the Northern District of Illinois ("Illinois action"), alleging that Euro-Pro falsely advertised that its vacuum "deep cleans carpets better than Dyson's best vacuum." See Dyson, Inc. v. Euro-Pro Operating LLC et al., No. 14-cv-9442 (N.D. Ill. 2014). On December 4, 2014, Euro-Pro filed a motion in the Northern District of Illinois to dismiss, transfer, or stay the Illinois action under the first-filed rule. On December 11, 2014, Euro-Pro filed a motion in this court to enjoin Dyson from proceeding in the Illinois action under the first-filed rule. On December 22, 2014, the Northern District of Illinois court denied Euro-Pro's motion to dismiss, transfer, or stay the Illinois action, finding that the Massachusetts and Illinois actions are not duplicative.

Presently before this court is Euro-Pro's Motion to Enjoin Dyson from Proceeding with

Second-Filed Related Action [#6]. Euro-Pro argues that the first-filed rule dictates that this court enjoin Dyson from proceeding with the Illinois action because Euro-Pro filed suit in Massachusetts first and the Massachusetts and Illinois actions are substantially similar. Dyson responds that the actions do not have sufficient similarity to invoke the rule and deprive Dyson of its chosen forum for its claims. For essentially the reasons set forth in the Northern District of Illinois court's order, and for the reasons elaborated below, this court denies Euro-Pro's Motion to Enjoin Dyson from Proceeding with Second-Filed Related Action [#6].

"Where identical actions are proceeding concurringly in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). "But where the overlap between the suits is less than complete, the judgment is made case by case . . . based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. (internal citation omitted).

Euro-Pro fails to demonstrate sufficient similarity between the Massachusetts and Illinois actions to warrant an injunction in this case. The Massachusetts and Illinois actions challenge different advertising campaigns (Dyson's "twice the suction" campaign versus Euro-Pro's "deep cleans carpets better" campaign) that relate to different features of the parties' vacuums (suction versus deep cleaning) that are governed by different professional standards (ASTM F558 for measuring suction in air watts versus ASTM F608-13 for evaluating the removal of embedded dirt from carpets) and supported by different testing and criteria. Accordingly, the court finds

that there is little overlap between the two actions and a low likelihood of conflict between this court and the Northern District of Illinois court.  Moreover, the court finds that Euro-Pro has not established that Massachusetts is a significantly more convenient forum or has a greater interest in resolving Dyson's claims.

    For the above-stated reasons, Euro-Pro's <u>Motion to Enjoin Dyson from Proceeding with Second-Filed Related Action</u> [#6] is DENIED.

    IT IS SO ORDERED.

February 19, 2015                                                   /s/ Indira Talwani
                                                                                           United States District Judge