UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EURO-PRO OPERATING LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  14-cv-13720-ADB |
| | * |
| DYSON INC., and DYSON LTD. | * |
| | * |
| Defendants. | * |

## **ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiff Euro-Pro Operating LLC ("Euro-Pro") alleges in its First Amended Complaint that Defendants Dyson Inc. and Dyson LTD. have made, and continue to make, false advertising claims regarding the performance of Dyson's "Animal" vacuum [ECF No. 40]. More specifically, Euro-Pro alleges that Dyson's advertising campaign promoting its Animal vacuum as having "Twice the Suction" of competing vacuums is (1) literally false, (2) material to consumers, and (3) causing injury to Euro-Pro, a competing vacuum manufacturer, in the marketplace.

On April 20, 2015, Defendant Dyson Inc. ("Dyson") moved to dismiss all of Euro-Pro's claims for injunctive relief [ECF Nos. 46-47].[1] Dyson argues that these claims are moot because Dyson has already discontinued its "Twice the Suction" advertising campaign, and further, it has removed the "Twice the Suction" claim from its print, television, website, and other online advertising. Dyson also submits that it retained a third-party vendor to remove the claim from

---

[1] Defendant Dyson LTD. has not yet responded to the First Amended Complaint, although Dyson Inc. has represented in its papers that Dyson LTD. has agreed to waive service of process with respect to the First Amended Complaint, and is waiting for Plaintiff to provide the waiver forms.

1

retail displays and product packaging. In support of these assertions, Dyson relies primarily on two sets of materials. First, Dyson argues that Euro-Pro's First Amended Complaint [ECF No. 40] "admits that Dyson has retired the 'Twice the Suction' claim from its advertising." [ECF No. 47, p. 1]. Second, Dyson cites a Declaration of its General Counsel, which it previously filed in opposition to a motion for preliminary injunctive relief in this case [Id., pp. 3-5, citing ECF No. 29, Declaration of Jason Brown]. This Declaration states, inter alia, that Dyson has voluntarily ceased the advertising campaign in question, and that it has taken corrective action with respect to retail displays and product packages previously released into the marketplace.

In reviewing Dyson's Partial Motion to Dismiss under Rule 12(b)(6), the Court must "determine whether the factual allegations in the plaintiff's complaint set forth 'a plausible claim upon which relief may be granted.'" Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (quoting Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013)). In so doing, "[t]he court must take all of the pleaded factual allegations in the complaint as true" and may consider "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley, 772 F.3d at 71. Therefore, the Court will limit its review to facts alleged in Euro-Pro's First Amended Complaint. The Court expressly declines to consider the Declaration of Dyson's General Counsel, as this document clearly falls outside the four corners of the pleadings.[2]

---

[2] Dyson also cites an October 23, 2014 decision of the National Advertising Division of the Better Business Bureau ("NAD decision"), claiming it is "incorporated into Euro-Pro's First Amended Complaint by virtue of Euro-Pro's repeated references to and selective quotations from it." [ECF No. 47, pp. 2-3, n.3]. Although the First Amended Complaint does mention the October 23, 2014 NAD Decision [ECF No. 40, ¶¶ 61-63], Dyson does not assert that the NAD Decision addresses whether Dyson has ceased the offending advertising campaign. Because it is not relevant to the issue at hand, the Court declines to consider the NAD Decision in connection with this Motion to Dismiss.

2

After reviewing the First Amended Complaint, the Court finds that it alleges sufficient facts to suggest that Dyson's alleged conduct is ongoing. In arguing for dismissal, Dyson narrowly focuses on three paragraphs of the complaint, in which Euro-Pro concedes that Dyson removed the "Twice the Suction" claims from its website on September 9, 2014 [ECF No. 40, ¶¶ 24-26]. However, Dyson ignores other portions of the First Amended Complaint, in which Euro-Pro alleges that Dyson continues to make these claims via other media. Generally, Euro-Pro alleges that Dyson "has made and, on information and belief, continues to make claims portraying the suction performance of its Dyson Animal vacuum products as twice that of any other competing vacuum . . . ." [ECF No. 40, ¶ 1]. More specifically, Euro-Pro claims that as of March 30, 2015, the date of the First Amended Complaint, Dyson's "Twice the Suction" claim remained available for viewing on YouTube [Id. ¶ 27].[3] Euro-Pro also alleges that Dyson heavily promoted its "Twice the Suction" campaign "through early 2015[,]" [id. ¶ 28] and that "[u]pon information and belief . . . Dyson continues to disseminate its 'Twice the Suction' advertising . . . ." [Id. ¶ 45]. Further, Euro-Pro asserts that despite Dyson's purported efforts to remove the advertising claim from its product packaging, "[a]s of the start of the 2015 year, 'Twice the Suction' Advertising continued to appear in retail stores throughout the country." [Id. ¶ 54].

---

[3] Dyson has attempted to defeat this allegation by claiming that on April 14, 2015, it removed the offending video from the YouTube channel. [ECF No. 47, p. 9, n.8]. As evidence thereof, Dyson attached to its Motion to Dismiss a screen-shot of the now-disabled video [Id., Exh. 2]. The Court also declines to consider this evidence on a motion to dismiss pursuant to Rule 12(b)(6). Courts have, on occasion, considered documents extraneous to the pleadings on a motion to dismiss, "where the complaint contained extensive excerpts from, and references to the documents, and the factual allegations of [the] complaint revolve around the documents," Quaak v. Dexia S.A., 357 F. Supp. 2d 330, 339 (D. Mass. 2005) (citing Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002)). This screen-shot, however, is not referred to in the First Amended Complaint, and is therefore not appropriate for consideration on a motion to dismiss for failure to state a claim.

The Court accepts these facts as true for purposes of Dyson's Motion to Dismiss. See Foley, 772 F.3d at 71. Together with the other allegations in the First Amended Complaint, they plausibly suggest that Dyson's allegedly wrongful conduct is ongoing. Consequently, Euro-Pro's claims for injunctive relief are sufficient to withstand a motion under Rule 12(b)(6), and Dyson's Partial Motion to Dismiss [ECF No. 46] is therefore <u>DENIED</u>.

**SO ORDERED.**

Dated: May 12, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE